Tilghman C. J.
after stating the case, delivered his opinion as follows : — The counsel for either party have a right to ask the opinion of the court, on any point of law arising out of the evidence, and pertinent to the issue. But they have no right to ask an opinion on matter of fact; nor in a case like the present, consisting of evidence, both written and parol, had the counsel for the defendant a right to ask an opinion, whether upon the whole the plaintiff had supported his action ; because such an opinion cannot be given, without *179 deciding facts which are not within the province of the court. But if it is supposed, that the evidence offered by the plaintiff will not support his action, the defendant without offering any evidence, may demur to the plaintiff’s evidence, by which the facts will be admitted, and the court will decide on the law. .The court, were right therefore, in refusing to answer the general question proposed by the counsel for the defendant. Neither was there any error in the law laid down by the court respecting an implied assumption. Whether the facts mentioned by the president, could be inferred from the evidence, it is not for me to say; but stating them hypo-, thetically, as was done, it cannot be doubted, that the law would raise an assumption.
The case supposed by the court, is, that the defendant applied to Mr. Findley, and requested him to pay to Andrew Kennedy & Co., out of the money of the plaintiff, or of other persons, expected to be in his hands, a sum of money for the use of the defendant; and that Findley did apply the very money of the plaintiff to the use of the defendant, in a payment to Andrew Kennedy Co. The case is so very plain that it hardly admits of an argument. Whether any and what interest should be allowed, was submitted to the jury with this restriction, that if the defendant was under a misapprehension as to the funds from which the payment to Andrew Kennedy Co. was made, no interest should be given farther back than the demand of the plaintiff.
This direction was correct, and as favourable to the defendant as he had any right to ask. The rule is to allow interest where the defendant has retained the money of the plaintiff unlawfully and against his consent. Until the defendant was informed that the plaintiff’s money was applied to his use,he was inno default, and therefore ought not to payinterest. But being informed, he became a wrong-doer in withholding payment, and therefore is subject to damages to the amount of the interest. The court went so far, however, as to leave it to the jury, under the circumstances of the case, whether the defendant should pay any interest.
The last point to be considered is, the charge of the court, on the act of limitations. It was submitted to the jury on the defendant’s letter to the plaintiff, of the 4th April, 1796. I ■understand the court to have been of opinion, that this letter contained some acknowledgment, from which the jury might, *180 if they thought proper, infer a promise which would avoid the act of limitations. I agree, that slight evidence of an acknowledgment is sufficient. So we have repeatedly decided, and such'is the sum and substance of the cases cited for the plaintiff. But I never can agree, that a letter which denies that the defendant ever was liable to the plaintiff’s demand, will avoid the act of limitations merely because it is not denied that payment has not been made. The defendant says, that not he, but another person, is responsible to tbe plaintiff, and he takes for granted, that this person has not made payment, and offers to furnish the plaintiff with evidence to recover against him. If the expressions of the letter had been doubtful, or it had been necessary to refer to something extrinsic in order to understand it, it would have been proper for the jury to consider, whether a promise might not be presumed; but seeing.nothing in it but a denial of the plaintiff’s claim, it appears to me, that there is no ground for a presumption. I am therefore of opinion, that in this part of the charge there is error, for which the judgment should be reversed, and a venire de novo awarded.
Yeates J. and Brackenridge J. concurred.
Judgment reversed, and a venire de novo awarded.