Mr. Chief Justice' Marshall
 

 delivered the opinion of the Court:—
 

 This suit was brought in the Court of the United . States, for the second Circuit and district óf New-York,.on a bill of exchange, drawn by John C.; Delprat, of Baltimore, on Messrs. • 'N. & J. & R. Van Staphorst, of Amsterdam, in favour of. Le Roy, Bayard & Co. of New-York, ,and endorsed by them. The bill was'regulárly presented and' protested, after which it was accepted and paid by the plaintiff, for the honour of the defendants. The jury found á verdict for the plaintiff, subject to-the opinion of the Court, on a case stated by the parlies, The Judges of the Circuit Court'were divided in opinion, on the following points:
 

 1. Whether the letters offered in evidence by the defendants, and objected to, ought to have been admitted..
 

 2. Whether-the plaintiff had a right, under the cicumstances, to accept .and pay the bill in question,' undér protest, for the honour of the defendants; and is entitled to recover the amount, with charges and interest.
 

 The first question is understood to be waived. It is a- question which was decided by the Court, at the trial, and could not arise after verdict, unless á motion had been made for a . new trial.
 

 The second requires an examination, of "the case stated by counsel'.. The bill was transmitted by Le Roy, Bayard & Co. to Messrs.. Rougémont & Behrings, of London, to have it presented for acceptance, who enclosed it to the plaintiff, in a letter, from which' the following is an extract:' “We beg you to have the enclosed' accepted; 1st, of fl. 21,500, (30, days, on N, & J. & R. Van Staphprst, and hold the same to the disposal of 2d, 3d, and 4th. You .will oblige me by mentioning the day of acceptance, and in casé of refusal, you will have the bill protested.”
 

 The plaintiff gave immediate notice of. the dishonour of the bill,-and of their intervention, for the honour, of-the defendants. .
 

 Messrs. N. & J. & R. Van Staphorst addressed a letter to the defendants, dated- the 26th of November, 1822, giving notice that the bill was dishonoured; the drawer having no right
 
 *262
 
 to'draw, and that they were advised by counsel not to interpose, in their own names, for the honour of the defendants. The letter adds, “ In. this predicament, we applied to our friends, William Konig & Co. who had the said bill in hand, informed them of the whole case, and requested these gentlemen, under our guarantee, to intervene on behalf of your signature, with acceptánce and payment of the above bill; which favour these gentlemen have not refused to us; so that, without our prejudice, and completely without yours, we have duly protected your interest.
 
 ”
 

 The defendants also gave in evidence, a letter from the plaintiff, stating that he had intervened, at the request of N. & J. &R..Van Staphorst, and under their guarantee; but that they .required him to proceed against the defendants, as preliminary to the performance of that guarantee.
 

 It was admitted that the bill was drawn by J. C. Delprat, on. his own account, and not on any shipment for a debt due from him to the defendants, for advances previously made to him; and that he had given to the defendants an order on N. & J. & R. Van Staphorst, for all balances due from them to him.
 

 It is not alleged that the drawees had any funds of the drawer in their hands.
 

 The plaintiff in this case must be considered as the agent of N. & J. & R. Van Staphorst, and as having paid the bill at their instance. All parties concur in stating this fact. The Van.Staphorsts adopted this circuitous course, instead of interposing directly in their own names, under the advice of counsel. -, They however immediately stated the transaction in its genuine colours, to the defendants. It is impossible to doubt, that a person may thus intervene, through an agent, if it be his ;will to do'so. The suspicion which might be, excited by proceeding,, unnecessarily, in, this circuitous manner, cannot affect a transaction, which was immediately communicated, with all .its circumstances, to the persons in whose behalf the intervention had been made; unless those persons were exposed to some inconvenience, to, which they would not have been exposed,' had the interposition been direct. This is not the case' in the present instance, since it cannot be doubted that the defendants might have availed themselves of every defence in this action, of which they could have availed themselvSS, had N. & J. & R. Van Staphorst been plaintiffs. The case shows plainly, that the bill was not drawn on funds, and that the drawees were not bound to accept or pay it. No reason, therefore, can be assigned, why the person who has made himself the holder of the bill, by accepting and paying it under protest, should not recover its amount from the drawer and ■endorsers.
 

 
 *263
 
 This cause came on to be heard, on a certificate of division pf opinion of the Judges of the Circuit Court of the United States, for the southern district of New-York, and on the points on which the said Judges were divided in opinion, and was argued by counsel, on' consideration whereof, This Court is of opinion, that the plaintiff had a right, under the circumstances, to accept and pay'the bill in question, under protest, for the honour of the defendants, and is entitled to recover the amount, with charges and interest; which is ordered to be certified to the said Circuit Court.