Carr, J.
I think the instructions given by the circuit court to the jury were correct. It is not consonant with either law or reason, that when a man makes a promise or acknowledgment, you shall take a part of it, and reject the rest; that when he says, “ if you will do this or that, I will pay you,” you shall discard the condition, and make his promise unconditional. I know there are many old cases, which consider the statute as founded on the presumption of payment ; that whatever repels that presumption, is, in legal effect, a promise to pay the debt; and that, though such acknowledgment is accompanied with only a conditional promise, or even a refusal to pay, the law considers the condition or refusal void, and the acknowledgment itself as an unconditional answer to the statute. But the more recent, and, I think, the more rational, decisions take a different view of the case. They consider this a statute of repose, which ought to receive from the courts a fair and just support. They consider the acknowledgment a new promise, not a continuance of the old ; and that to revive the debt, it must be unqualified and unconditional. This is decided in Clementson v. Williams, 8 Cranch 72. And again in Wetzell v. Bussard, 11 Wheat. 314. chief justice Marshall, delivering the opinion of the court, and speaking of the acknowledgment, says, “ If it be connected with circumstances which in any manner affect the claim, or if it be conditional, it may amount to a new assumpsit, for which the old debt is a sufficient consideration; or if it be construed to revive the original debt, that revival is conditional, and the performance of the condition, or a readiness to perform it, must be shewn.” In Bell v. Morrison, 1 Peters 351.362. the court after repeating what it had decided in the cases before cited, says, “We adhere to the doctrine thus stated, and think it the only exposition of the statute which is consistent with its true object and import. If the bar is sought to be removed *607 by the proof of a new promise, that promise, as a new cause of action, ought to be proved, in a clear and explicit manner, and be in terms unequivocal and determinate; and if any conditions are annexed, they ought to be shewn to be performed.” In Moore v. Bank of Columbia, 6 Peters 92. the court reassert verbatim, the doctrine of the former cases, and consider it the settled doctrine of the court. The supreme court of Massachusetts, in Bangs v. Hall, 2 Pick. 368. after reviewing the principal cases, held, that to take a case out of the statute, there must be an unqualified acknowledgment, not only of the debt as originally due, but that it continues so; and, if there has been a conditional promise, it must be shewn that the condition has been performed. The same doctrine has been held in New York; Sands v. Gelston, 15 Johns. Rep. 511. Roosevelt v. Marks, 6 Johns. Ch. Rep. 266.290. And in Pennsylvania ; Brown v. Campbell, 1 Serg. & Rawle 176. Fries v. Boisselet, 9 Id. 128. If I were to go into the english authorities, the field would be still wider: but I will not. These cases assuredly sustain the correctness of the instructions of the circuit court in this case, and shew that the loose conversation of Clarke with the bank director, was wholly insufficient to take the case out of the statute.
It is not necessary to examine the more general proposition discussed in the argument, whether in debt on a promissory note, any subsequent acknowledgment can be resorted to, to take the case out of the statute. However, as the case of Butcher v. Hixton, [ante] in which that point was decided, has excited some remark, I shall barely say, that the case wt.s very ably argued; that for myself, I examined it very laboriously; and that on a reexamination, I continue to think the opinion there given correct, whether we take it upon the pleadings, upon the plain meaning of the statutes, upon principle, or upon authority.
Cabell, J. I am of opinion that a conditional promise to pay a debt, will not take the case out of the statute of *608 limitations, without proof of the performance of the condi- . T . . . , . . tion. It is competent to him who makes a promise, to annex to it what terms or conditions he pleases; and it would be unreasonable to permit him in whose favor-it was made,tQ aya¡i himself of the benefit of it discharged of the condition. The point has. been repeatedly adjudged in the supreme court of the U. States. On this ground, I am for affirming the judgement. Whether a promise, sufficient to take a case out of the statute of limitations, operates as a revival or continuation of the old contract, or as a new, distinct and substantive contract, founded on the old consideration, or whether there is any difference between the action of debt and the action of assumpsit, as relates to this subject, I do not deem it necessary to decide at present; since, in any aspect of this case, the judgement is right.