GatRon, Ch. J.
delivered the opinion of the court.
A material question in this case is, whether after the-dissolution of a partnership, a debt barred by' time, can be revived by one of the late firm; and by such new promise to pay, grounded on the old consideration, every other partner will be bound.
Wynne is sought to be charged on the first note. This claim was clearly barred. Did the promise to pay off Stephen R. Roberts some five years after the partnership had been dissolved, bind Wynne? The British and American authorities are so confused and cpntradictory, that an attempt to reconcile them would be fruitless, and make an, opinion rather a treatise than an adjudication, limited to a particular point; and as this court has for several years set its face against long opinions, it will on the present occasion state the two principles, the adoption of the one or the other of which, has led to the conflicting results referred to, and then inquire which principle has been recognized by this court.
1. Is the acknowledgment, or promise to pay, a con *541 tinuation of the old promise? Or, 2. Is it a new contract, springing out of and supported by the old consideration ?
The adjudications have been read with care, and will be found in Angel on Limitations, 274, 277. Gow on Partnership, 80; 3 Kent’s Com. 25, 1 Ed.
This court, in Russell vs. Gass, in 1826, (M. and Yerg. 272) followed the decision of the supreme court of the United States, in Clementson vs. Wilson, (8 Cra. 72) and held, “It is not sufficient to take the case out of the act, that the claim should be proved, or acknowledged to have been originally just, the acknowledgment must go to the fact that it is still due.”
The description of the acknowledgment, that the new promise to pay is to be inferred from, is not stated in the opinion with sufficient certaihty; this was supposed to be the case when the opinion was delivered by a part of the court, and the language employed by the supreme court of Kentucky (Bell vs. Bowland, Hard. 301) was desired to be adopted, but declined- by Judge White, who drew up the opinion, because of the superior dignity and authority of the supreme court of the United States. The principle declared by the supreme court of Kentucky, met with the approbation of. this court in 1826; and the adjudication is more respected at this time, because it has commanded_^conformity in the supreme court of the United States. That court has been reducing its decisions to more of precision and certainty. Thus, in Wetzell vs. Bussard, Whea. 309) it is declared, “an acknowledgment which will revive the original cause of action, must be unqualified and unconditional. It must show positively that the debt is due, in whole or in part. If it be connected with circumstances which in any manner affect the claim, or if it be conditional, it may amount to a new assumpsit, for which, the old debt is a sufficient consideration; or if it be construed to re-wive the original debt, that revival is conditional, and the *542 performance of the condition, or readiness to perform it, must be shown. The rule, as here laid down, does not escape from confusion, and in Bell vs. Morrison, (1 Pet. 262) is explained. After citing it, the court say, “We adhere to the doctrine thus stated, and think it the only exposition of the statute, which is consistent with its true object and import. If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be in its terms unequivocal and determinate; and, if any conditions are annexed, they ought to be shown to be performed.
“If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay.
The court further declare, that if the evidence is not of the explicit character above, it should be rejected from the jury. This was the point presented in Bell vs. Morrison. The federal circuit court of Kentucky had rejected all the evidence; that is, taken it from the jury, as upon a demurrer to it, because of its uncertainty and insufficiency to establish the new promise to pay; and the supreme court affirmed the decision. The court renews the Kentucky decisions, (which strictly follows the case of Bell vs. Bowland, decided in 1808) and assumes to ground its determination principally on those decisions; but it is manifest, had it followed its own, the result must have been the same. What are decisions of Kentucky? “We are of opinion,” says the court, Hard. R. 30, 31, “that the only safe rule that can be adopted, capable of any reasonable degreee of certainty, is, that in order to take the case out of the statute of limitations, an express acknowledgment of the debt, as due at that time, coupled with the original consideration, or an express promise to *543 pay it, must be proved to have been made within the tune prescribed by the statute.
By this simple rule, has every case in Kentucky been tested for nearly thirty years; and which the supreme court of the United States and this court have directly followed, and with an extension of the principles assumed. In Bell vs. Morrison, (1 Peters, 362) it is in, substance holden, if there be no express promise to pay, but the promise is to be raised by implication of law from the acknowledgment of the party, the acknpwledgment ought to contain not only an unqualified and direct admission of a previous debt, antj that if was still due and owing, but that the party was then willing to pay it. If the party sought to be charged were to admit the debt then due, but declare it was barred by the statute of limitation, he certainly would not be bound, because unwilling to pay. 15 Johns. Rep. 511: 1 Serg. & Rawle, 176; 9 Serg. & Rawle, 128: 1 Peters, 361.
We hold it, that a claim barred by the act of limitations, is deemed in law extinguished and discharged. The courts have, by construction, declared that such claim still furnishes a sufficient consideration on which a new agreement may be grounded, binding the-parties; but this new agreement is just as much an original contract as the first agreement was, and is no continuation of the old promise. ''The debtor binds himself when hp.N was not bound before.
The firm of Stephen R. Roberts & Co. being discharged from any legal liability on the first note of Be-lote; after the dissolution of the partnership, could one of the partners re-acknowledge and anew execute the note in the name of himself and the other partners? If it be trud*that this was an original agreement, taking date from the time the new contract was made, he clearly could not; the partner having no agency to bind his former co-partners; or does this position naturally conflict with what was holden in Wood vs. Braddock (1 Taunt. *544 R. 103). The court, in that case, do not decid that r a new contract can be made by one ot the partners alter the partnership is dissolved. The true rule is laid down in Bell vs. Morrison, (1 Peters, 373) that after-a dissolution of a partnership, no partner can create a cause of action against the other partners, except by a new authority communicated to him for that purpose. When the statute of limitations, says the court, has once run against a debt, the cause of action against the partnership is gone. The acknowledgment, if it is to operate at all, is to create a new cause of action. We think that the power to create such right does not exist after the dissolution of the partnership in any partner. With this opinion, this court concurs, and declares that the promise of Stephen R. Roberts on behalf of the firm, made years after it had been dissolved, and after the claim had been barred by the statute of limitation, did not bind Wynne, and that as to him, the decree must be reversed and the bill dismissed.
Thomas Roberts did not rely upon the act of limitations, or appeal from court below. The cause will be remanded to the Sumner circuit court, to be proceeded fn by discharging Alfred R. Wyyne, and letting the decree stand as to Thomas Roberts.