GERMAN NATIONAL BANK, of Chicago, Respondent, v. ROBERT P. STUDLEY, Appellant.

### February 28, 1876.

1. An instruction assuming the existence of facts not proved, or as to which the evidence is contradictory, is properly refused.

2. Though a general power to indorse or make promissory notes on behalf of his principal will not warrant an agent in putting the name of his principal to paper for the accommodation of the agent or a third party, yet where this is done with the assent of the principal, for the purpose of taking up paper upon which the principal is already liable as accommodation maker or indorser, the principal will be bound.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*M. L. Gray*, for appellant, cited : Chouteau *et al. v.* O. D. Filley, 50 Mo. 174 (begin on p. 177) ; State of Missouri *v.* Bank of Missouri, 45 Mo. 538 ; Pars. on Notes & Bills, 91 ; Story on Ag. (8th ed.) 185, sec. 147 ; Wood *v.* Goodridge, 6 Cush. (Mass.) 117 ; Story on Ag. (8th ed.) 256, sec. 210 ; Back *v.* Ayman, 3 Hill (N. Y.), 262 ; Stiner *v.* Taylor, 3 Hill (N. Y.), 279.

*Finkelnburg & Rassieur*, for respondent, cited : 1 Pars. on Notes & Bills, 108, 142.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on a negotiable promissory note dated Chicago, July 8, 1871, for $1,000, with interest from date at 6 per cent., payable twelve months after date, to the order of R. P. Studley & Co., and indorsed "R. P. Studley & Co." The note is made by William H. Rice.

It appears that the name of R. P. Studley & Co. was not written by R. P. Studley himself, who, at the time, was trading alone as R. P. Studley & Co., but by one Edward P. Rice, his former partner; and the defense relied upon is that Rice was not authorized to indorse the note, and that the indorsement was made without the knowledge or consent of defendant.

The evidence shows that defendant and Edward P. Rice were partners in St. Louis, from 1862 till March 20, 1870, as R. P. Studley & Co., at which time the partnership was dissolved; but Rice remained with Studley for two years longer, as his general business and financial agent, keeping his books and attending to his discounts and collections, and making, indorsing, and accepting commercial paper for Studley by the name of R. P. Studley & Co., in virtue of a power of attorney, executed by Studley the day after their dissolution, which expressly constituted Rice the general agent of Studley, and gave him power, at discretion, to make, accept, and indorse any and all mercantile paper for R. P. Studley & Co. Under this general power, Rice, with Studley's knowledge, indorsed, accepted, or made mercantile paper to the amount of about $100,000, in two years.

It also appeared that, in 1868, a brother of Edward P. Rice, William H. Rice, of Chicago, who had for two or three years been in embarrassed circumstances, failed. At that time Studley & Co. were liable on William H. Rice's paper as accommodation acceptors to about $30,000. This indebtedness was carried along, in Chicago banks principally, and gradually reduced by the giving of new paper of Studley & Co., and payments by Edward P. Rice, until it was reduced to about $5,000 at the time of the dissolution of the partnership of Studley and Rice. Of these transactions Studley was aware, at least in a general and confused way. He knew that his name was being used by Edward P. Rice, in Chicago banks, to help his brother Wil-

liam, and he consented to it. In 1868 Studley signed the firm name himself to renewal acceptances, growing out of these transactions, to the amount of $12,500. If he did not understand the full details, and know exactly to what amount he was liable from time to time on this paper, it appears to have been because he chose to leave the whole thing to be managed by Edward P. Rice, who was unwilling to harass Studley with details of a dangerous negotiation into which Studley had been led out of kindness to Edward Rice, and into which Edward Rice had been drawn by a hope to save his brother. About the date of the dissolution of copartnership, Edward P. Rice went, at Studley's suggestion, to Chicago; Studley & Co. being then liable for about $5,000, principally in Chicago banks, on account of accommodations for William H. Rice. Renewals were then obtained for sixty and ninety days, and, when they matured, the matter was arranged with the bank that held the paper, by taking 80 per cent. for the debt. Two notes of William H. Rice at one and two years, respectively, for $1,000 each, and one note of William H. Rice for $800, all indorsed by Studley & Co., and one note of William H. Rice, without indorsement, were to be delivered to the bank in pursuance of this understanding. The notes were made and delivered to the bank, and the indorsement of R. P. Studley & Co. made by Edward P. Rice. The note sued on is one of the notes executed in accordance with that arrangement. Edward P. Rice swears that when this arrangement was completed, and these last notes given in settlement, he told Mr. Studley what had been done. Studley then asked him, "Whose name is on the back of the paper?" to which he replied, "R. P. Studley's, of course." It is also shown that, at the time plaintiff took the note sued on, it was familiar with the signature of R. P. Studley & Co. in Edward P. Rice's hand, having frequently received checks so signed, in payment of acceptances made by the same hand in the same name, which checks were always paid;

and that notices of the maturing acceptances, in satisfaction of a portion of which the note sued on was given, had been habitually sent by plaintiff to St. Louis, by mail, directed to R. P. Studley. The oral testimony is very lengthy and somewhat contradictory, the principal witnesses being Edward P. Rice, for plaintiff, and R. P. Studley, for the defense. As to the main facts, however, they agree. The only other oral testimony is that of plaintiff's cashier, whose statement is that, at the time the note sued on, with the other notes mentioned above, were given in settlement of William H. Rice's debt, his total indebtedness at the bank was about $4,300, of which only about one-half was acceptances of R. P. Studley & Co. In this respect he does not accord with Rice, who believes that the acceptances of Studley & Co. held by the bank at the time of settlement were over $3,500, or, at least, represented a larger sum than $2,800, the total amount of new notes which he indorsed in Studley's name.

No exceptions whatever were taken to evidence. No instructions were asked by plaintiff. Of five instructions asked by defendant two were refused, to which defendant excepted. There was a verdict and judgment for plaintiff, and, a motion for a new trial having been overruled, defendant brings the case here by appeal.

It is insisted that the court below erred in refusing to give the following instruction asked by defendant:

"The power of attorney read in evidence only authorized E. P. Rice to indorse the name of the firm of R. P. Studley & Co., composed of R. P. Studley, on the paper of the firm connected with its regular business, and if the note sued on was outside of its regular business, and accommodation paper of the firm of R. P. Studley & Co., composed of said Studley and E. P. Rice, said power of attorney was no authority to said Rice to indorse the name of R. P. Studley & Co., as composed in 1871, on the note sued on."

We see no error in the refusal of this instruction. The

power of attorney, in so many words, authorized Rice, "for me and in my name, at his discretion, to draw and sign any bill or bills of exchange, or promissory note or notes, to accept any bill or bills of exchange drawn on R. P. Studley & Co., to indorse any promissory notes, bills of exchange, orders, or checks in the name of R. P. Studley & Co."

It certainly might be regarded as a sufficient warrant for the execution of the note sued on, under the circumstances detailed in the evidence and set forth above.

It is also urged that it was error to refuse to instruct, at the request of defendant, as follows:

"Even though E. P. Rice was authorized to sign the name of R. P. Studley & Co. on paper given in renewal of the acceptance of said firm, that authority would not authorize him to indorse said name on the note sued on, composed partly of the accommodation acceptances of said firm and partly of the individual indebtedness of W. H. Rice; and plaintiff, taking said indorsement on the note sued on with knowledge of the fact that it included in part the individual indebtedness of W. H. Rice, was bound to inquire as to the extent of the authority of said Rice."

This instruction was properly refused, because it declares as a fact that the note sued on was composed partly of the individual indebtedness of William H. Rice, as to which the evidence is contradictory. That a general power to indorse notes in the name of R. P. Studley would have been no authority to indorse a note for the individual indebtedness of the agent, or of a third party, and that a person taking such a note, so indorsed, with knowledge of the facts, in the absence of the consent to, or ratification of, the act by Studley, could not recover upon it against Studley, may be true enough as an abstract proposition of law; and it may be that there was some evidence in this case which would have warranted the asking of such a declaration of law on behalf of the plaintiff. But the instruction, as asked,

assumes a fact not proved, and was properly refused. There is no question whatever that the unpaid acceptances of Studley, held by the party to whom the note sued on was given at the time of its execution, and in satisfaction of which this note of $1,000, together with two others secured by Studley, for the total sum of $1,800, and Rice's unsecured note for $600, were received, amounted to $2,200, at the least, and there is evidence tending to show that they reached to over $4,000. In our opinion, the evidence strongly tends to show, not only that this note was given wholly in satisfaction and compromise, on terms very favorable to Studley, of an existing liability for a large amount, but that Edward P. Rice was directed by him to go to Chicago for the purpose of making such arrangement, and that Studley was informed of, and assented to, the execution and delivery of the note sued on, shortly after the return of Rice.

We see no error in the record to warrant a reversal. The judgment of the Circuit Court will be affirmed. The other judges concur.