### MYERS *v.* WALKER BROTHERS & COMPANY.

A general power authorizing the making of promissory notes, drawing, accepting, and indorsing drafts or bills of exchange, does not authorize the agent to bind his principal by indorsing or issuing accommodation paper.

Argued January 24, — Decided May 25, 1898.

Complaint on note. Before Judge Eve. City court of Richmond county. July term, 1897.

*Joseph R. Lamar*, for plaintiff in error.
*Fleming & Alexander*, contra.

COBB, J. Walker Brothers & Co. sued S. H. Myers as maker and B. J. Myers as indorser upon a promissory note. The note was indorsed: "B. J. Myers, by F. J. Myers, attorney." S. H. Myers filed no defense, but B. J. Myers pleaded that F. J. Myers had no authority to make the indorsement. The only authority claimed by F. J. Myers to make the indorsement was contained in the following power of attorney, which

was introduced in evidence: "Know all men by these presents that I, B. J. Myers, do hereby constitute and appoint Frank J. Myers my lawful attorney for the transaction of all business that has arisen or may arise between the National Exchange Bank of Augusta, Ga., and———, especially in the way of depositing money therein and checking for the same, and making promissory notes and drawing, accepting, and indorsing drafts or bills of exchange; I hereby ratifying and confirming whatever my said attorney shall lawfully do in the premises by virtue of these presents." It further appeared that F. J. Myers had made indorsements for his principal for a number of years, but there was no evidence to show any ratification by the principal of this particular transaction. It was shown that the indorsement was without her knowledge or consent, and for accommodation only. The note was indorsed by Walker Brothers & Company and discounted at the National Exchange Bank. Both the plaintiffs and the bank knew of the power of attorney. The only point to be considered is, whether authority was given F. J. Myers to sign the name of his principal as accommodation indorser or as a surety.

It appearing that the plaintiffs knew that F. J. Myers acted under a written power of attorney, they were bound to take notice of the limitations contained therein. Towle v. Leavitt, 23 N. H. 360, s. c. 55 Am. D. 195; Schimmelpennich v. Bayard, 1 Pet. 263. It is well settled that a mere general power to indorse promissory notes does not confer upon the agent authority to make an indorsement for the accommodation of third persons. Wallace v. Bank, 1 Ala. 565; Stainer v. Tyson, 3 Hill (N. Y.), 279; Kingsley v. Bank, 3 Yerger (Tenn.), 107; Gulick v. Grover, 33 N. J. L. 463; McClellan v. Detroit File Works, 56 Mich. 579; Bank v. Studley, 1 Mo. App. 260; Mechem on Ag. § 392, and note.

It follows, therefore, that the court below erred in charging the jury the contrary of the proposition above laid down; and the judgment must be   *Reversed.   All the Justices concurring.*