## W. C. BULLARD & CO., APPELLANTS, V. SALLIE F. DE GROFF ET AL., APPELLEES.

FILED MARCH 7, 1900. No. 9,194.

59 783
61 462

1. **Agent**: SIGNING PRINCIPAL'S NAME: SCOPE OF AUTHORITY. An agent in charge of a retail lumber business, with the power and authority ordinarily incident to the conduct of such business, exceeds the scope of his agency in signing his principal's name to an obligation for the faithful performance by a third party of a contract for the construction of a building, or an obligation of like character.

2. ———: UNAUTHORIZED ACT: NOT WAIVER OF LIEN. The unauthorized acts of an agent in signing his principal's name to such instrument can not, of themselves, be construed as a waiver by the agent of his principal's right to a lien for material furnished to the contractor with whom the agent executed such bond, or be given vitality for the purpose of depriving plaintiffs of a right to a lien which they otherwise possessed.

3. ———: SIGNING FIRM NAME: NOT WAIVER OF MECHANIC'S LIEN. The fact that an agent, acting without authority, signs the firm name of his principal to such bond, believing that if the principal obligor secured the contract, his firm would furnish the building material, and signed the bond for the purpose of helping the contractor obtain the contract, would not be sufficient to constitute a waiver of his principal's right to a mechanic's lien; the giving of the bond and the sale of the material being two entirely separate and distinct acts, made at a different time, each independent of the other.

4. **Efficacious Ratification of Unauthorized Act.** In order that a ratification of the unauthorized acts of an agent may be made efficacious, it must be made by a party who has power to act in the first instance, and made with knowledge of the material facts in connection therewith.

APPEAL from the district court of Red Willow county. Tried below before NORRIS, J. *Reversed and remanded.*

*Warren Switzler*, for appellants, cited *Hotchin v. Kent*, 8 Mich., 526; *Trudo v. Anderson*, 10 Mich., 367; *Western Nat. Bank v. Armstrong*, 152 U. S., 346; *O'Shea v. Rice*, 49 Nebr., 897.

There was no waiver of the right to file liens. Counsel drew distinctions between the case of *Owen v. Udall*, 39 Nebr., 14, and the one at bar, as follows: In that case

the Chicago Lumber Company was a copartnership; and, as such, might not only be bound for the reasons stated, but for the additional reasons that (1) a partner of the firm signed the bond; (2) a partner has more power than any agent or employé; (3) the knowledge of the copartner is the knowledge of the firm; (4) the firm selling on the strength of a bond given by the copartner in the firm name could not afterwards repudiate their obligation to the disadvantage of one relying upon it. In this case, the knowledge of Warren was not the knowledge of his principals. Counsel cited further: *White Lake Lumber Co. v. Stone*, 19 Nebr., 402; Phillips, Mechanics' Liens [3d ed.], sec. 273; *Overseers v. Bank*, 2 Gratt. [Va.], 547; *Whitley v. Foy*, 6 Jones Eq. [N. Car.], 34.

*Webster S. Morlan*, for appellees, cited: *Trustees v. Ins. Co.*, 73 N. W. Rep., 767, 98 Wis., 257; *Ins. Co. v. Crighton*, 50 Nebr., 314; *Iron Co. v. Murray*, 38 O. St., 323; *West v. Klotz*, 37 O. St., 420; *Executors v. Church*, 173 Pa., 242, 33 Atl. Rep., 1043; *Handley v. Ward*, 70 Mo. App., 146; *Hughes v. Ins. Co.*, 40 Nebr., 627.

Counsel argued that ratification of the act of an agent is to be presumed from the absence of the dissent of the principal; that persons receiving the benefit of a transaction entered into by an agent are estopped to deny his authority; and that a principal must adopt the acts of his agent as a whole, and will not be permitted to retain that part which is beneficial, and reject that which is not, citing: *Himes v. Herr*, 3 Pa. Super. Ct., 124, 39 W. N. Cas., 568; *First Nat. Bank v. Ridpath*, 47 Nebr., 96; *Johnston v. Milwaukee & W. I. Co.*, 49 Nebr., 68; *Huttig Sash & Door Co. v. Gitchell*, 69 Mo. App., 115; *Slobodisky v. Phenix F. Ins. Co.*, 72 N. W. Rep. [Nebr.], 484; *Webster v. Wray*, 17 Nebr., 579; *Lorton v. Russell*, 27 Nebr., 372; *Levy v. Bank*, 27 Nebr., 557; *Johnson v. Carrere*, 45 La. Ann., 847, 13 So. Rep., 195; *Little P. C. M. Co. v. Little C. C. M. Co.*, 11 Colo., 223, 7 Am. St. Rep., 226; *Piercy v. Hedrick*, 2 W. Va., 458; *Leavitt v. Sizer*, 35 Nebr., 80; *Rogers v. Emp-*

*kie Hardware Co.*, 24 Nebr., 653; *McKeighan v. Hopkins*, 19 Nebr., 33; *Joslin v. Miller*, 14 Nebr., 91.

HOLCOMB, J.

It appears from the record that the plaintiffs, appellants, are members of a copartnership engaged in the retail lumber and building material business at McCook, Nebraska, the business being in charge, and under the supervision, of one U. J. Warren, as agent. The defendants, appellees, being desirous of erecting a dwelling-house, entered into negotiations with one U. A. Killebrew, a contractor, who undertook to construct such building, furnishing all necessary labor and material. Killebrew entered into a written contract with the owners for that purpose, and, in connection therewith, executed a bond in the sum of $1,000, conditioned for the faithful performance of such contract, which bond was signed by the said Killebrew, as principal, and the plaintiffs, by their agent, as surety thereon. The contractor failed to complete the building, and failed to pay for much of the material that was furnished to be used therein. The plaintiffs furnished the building material and, not being paid therefor, claimed a lien on the premises on which the building was erected and undertook to foreclose the same in the present action. The owners of the premises, appellees, in their answer pleaded that the plaintiffs, for the purpose of selling the material and of inducing them to award the contract to the contractor securing the same, with the said contractor executed the bond an that, because of the damage sustained by a breach of the contract, the plaintiffs were not entitled to enforce their lien against the premises on which it was claimed. The plaintiffs replied that the agent was without authority to sign the firm name to the bond, and that their name on the bond was without their knowledge or consent and without authority, and was not valid and binding upon them. The case proceeded to a hearing upon the issues thus joined.

54

In the court below, among other things, it was found, in substance, first, that the contract would not have been awarded to U. C. Killebrew, the contractor, had not U. J. Warren signed the principal's name to the bond, unless the contractor had furnished some other bond deemed good and sufficient; second, that the owners relied upon the bond in allowing the material furnished to be used in the building, and ordering from plaintiffs other material after the contractor had abandoned his contract; third, that the agent, at the time of signing the bond, believed that, if the contract was awarded to Killebrew, the plaintiffs would furnish the material for the building, and signed the bond for the purpose of helping Killebrew obtain the contract, believing that plaintiffs would furnish the building material. The court found generally that the agent had no authority to sign the firm name of the plaintiffs to the bond, and the signing of the bond was never ratified by the plaintiffs; that the agent had authority to waive the filing of mechanics' liens, and by signing plaintiffs' name to said bond, and by his conduct and representations in the premises, waived the right to file such lien to the amount of such bond. There was found to be due the plaintiffs from the contractor, $1,056.71, and, deducting therefrom the amount named as penalty in the bond, $1,000, the plaintiffs were given a lien on the premises for $56.71, and from this finding and decree plaintiffs appeal.

A correct disposition of the case hinges upon the validity, force and effect to be given the contractor's bond, and the inference proper to be drawn from the circumstances surrounding its execution. Counsel for appellees contends that "whether or not Warren had authority to sign appellants' business name to the bond, is immaterial, for two reasons: first, he secured the privilege of furnishing the building material by signing the bond, and furnished the material after the bond was signed by virtue of the representations contained in the bond; second, the appellants, by their manager and

agent, represented to appellees that they had sold the material to Killebrew on his credit, and would not rely upon a mechanic's lien, or in any other manner hold appellees liable for the material so furnished, and appellees, relying upon these representations, allowed Killebrew to put the material into their building." In our opinion, these two propositions may be considered together. As we view the record, the only representations which may be relied upon to operate against the plaintiffs, either as an estoppel against recovery, or the waiver of a right to claim a mechanic's lien for the material furnished for the building of the appellants, are contained in, and based upon, the execution of the bond referred to, or the inferences reasonably deducible from the circumstances surrounding its execution. There is nothing to warrant the assumption of an express waiver of a lien, or an agreement to look only to the contractor for compensation for material furnished for said building. As we interpret the record, the consideration for the building contract and the bond given in connection therewith, was the amount to be paid the contractor for the labor and material required to construct the building according to the terms of the contract. No third party, as material-man or otherwise, had any part or parcel in said contract. The question as to who should furnish the building material in no way entered into the contract, and was a matter entirely between the contractor and any one from whom he might choose to purchase the necessary material. The appellees, after having secured the execution of the contract, and obtained the bond for its faithful performance, were not concerned about who should furnish the material for the building, and looked only to the contractor and his bond for a compliance with the terms of the contract. As was said by the trial judge, they would not have awarded the contract to Killebrew unless he had furnished some other bond deemed good and sufficient, had not the agent signed the name of W. C. Bullard & Co., plaintiffs, to

said bond. It is probable, as was said by the court below, that the agent, in signing the firm name to the bond, believed that if Killebrew, the principal obligor, secured the contract, his firm would furnish the building material, and signed the bond for the purpose of helping Killebrew obtain the contract; yet there is nothing to justify the conclusion that any agreement, valid or otherwise, existed between the parties to the effect that the plaintiffs, in consideration of the signing of the bond, should have the privilege of furnishing the material, or that it was, in any way, determined who should furnish the material at the time of the execution of the contract and bond. Such unauthorized acts would not be sufficient to constitute a waiver of his principals' right to a mechanic's lien. It is quite clear that, after the agreement and bond were entered into, the contractor was at liberty to purchase his material from whomsoever he might choose. We are disposed to the view that the validity and effect of the bond should be determined in the same manner as it would be were this a suit upon the bond by the owner and obligee, because of the contractor's failure to comply with the terms of the contract, entirely without reference to the person furnishing the building material. We regard the giving of the bond, and the sale of the material as two entirely separate and distinct acts, made at different times, and each independent of the other. If the conclusion, to the effect that the execution of the bond by the plaintiffs, through their agent, was predicated upon an agreement of any nature, whereby the plaintiffs should have the advantage of selling the material for the building, is properly deducible from the circumstances of the transaction, then we fully agree with defendants' counsel, that the plaintiffs could not be heard to disaffirm the acts of their agent to their disadvantage, while retaining the benefit of those that were. We do not, however, think that this rule, sound and salutary as it is, can be invoked in this case. An agent in charge of a

retail lumber business, with the power and authority ordinarily incident to the conduct of such business, ex- ceeds the scope of his agency in signing his principal's name to an obligation for the faithful performance by a third party of a contract for the construction of a building, or an obligation of a like character. We are, therefore, in entire accord with the finding of the trial judge, to the effect that the agent had no authority to sign the name of the plaintiffs to the bond, and, unless his acts in that respect were ratified in some manner by his principals, the bond, as to them, is a nullity. We search the record in vain for some act expressly or im- pliedly ratifying the agent's unauthorized acts. Unless a waiver of the right to file a lien can be deduced from the evidence, the plaintiffs' right to have their lien enforced is unquestioned.

No word or act is called to our attention which can be construed as a waiver, unless it be in connection with the execution of the bond. It would seem that, if the act was beyond the scope of the agent's power and un- authorized, it would be a contradiction of terms and illogical to hold that the unauthorized and wrongful act of the agent became effective for the purpose of pre- venting plaintiffs from asserting their right to a lien, which they were possessed of, save for the unwarranted acts of the agent. This would be accomplishing by cir- cumlocution that which frankness and consistency would require should be directly reached. The act of the agent in signing his principals' name to the bond is admittedly beyond the scope of his authority, and therefore unauthorized, and this being true, such un- authorized acts, unless ratified, can not be given vitality for the purpose of depriving plaintiffs of a right to a lien which they otherwise possessed. The agent was not authorized to enter into obligations in the name of his principals for the faithful performance by others of their contracts for the erection of buildings. He was not authorized to make representations by going on

bonds or otherwise in behalf of his principals, as to the responsibility or reliability of others; and if he did so, this is a wrong attaching to him individually, and for which his principals can not be held to account. If the acts were illegal, they can not be made legally effective by construing them as a waiver of, or an agreement to waive, his principals' right to a lien given them by law. No suggestion of any waiver on the part of the agent by any other act or thing said or done by him has been brought to our notice. At the time the bond was signed, the person who should furnish the material was unknown. The agent was not in a position either to act or speak with reference to a lien for material furnished, nor does it appear that he did so. There is no suggestion of any act done or word said by the agent touching the subject of a waiver, except as inferences may be drawn from the circumstances surrounding the execution of the bond.

No waiver having been shown, the remaining question is whether the plaintiffs, by any act of theirs, in any way ratified the agent's unauthorized acts in signing their name to the bond. We hold this must be answered in the negative. None is attempted to be shown; nor is any knowledge thereof imputed to the principals, except as knowledge by the agents may be binding upon them. In *Trudo v. Anderson*, 10 Mich., 307, it is said: "And an agent can not ratify an act done by himself or his servant beyond the scope of the agency, so as to bind the principal; otherwise an agent might enlarge his own powers to any extent without his principal's consent." In *Western Nat. Bank v. Armstrong*, 152 U. S. Sup. Ct. Rep., 346, Justice Shiras, writing the opinion, says: "It is scarcely necessary to say that a ratification, to be efficacious, must be made by a party who had power to do the act in the first place; * * * and that it must be made with knowledge of the material facts." In *O'Shea v. Rice*, 49 Nebr., 893, Judge POST, then a member of this court, says: "It is elementary law that knowledge by the prin-

cipal of material facts is an essential element of an effective ratification of the unauthorized acts of his agent."

The numerous authorities cited by the learned counsel for defendants are scarcely in point. Most, if not all, of the legal propositions invoked are sound, but, in our opinion, are not applicable to the controlling factors in this case.

The judgment of the lower court is reversed, and the case remanded with instructions to enter a decree establishing a lien in favor of plaintiffs for the amount found due on the account for which a lien is claimed. Judgment accordingly.

REVERSED AND REMANDED.