SAM L. WATT, APPELLANT, V. THEA R. DAVIDSON ET AL.,
APPELLEES.

FILED NOVEMBER 19, 1908.   No. 15,333.

1. **Principal and Agent:** UNAUTHORIZED ACTS OF AGENT.   Where an
agent authorized to accept the unconditional delivery of notes
receives the same upon conditions that he was not authorized to
make, the principal does not ratify such conditions by accepting
the notes without any knowledge of the fact that they were re-
ceived by the agent upon condition.

2. ———: AUTHORITY OF AGENT.   A vendor who has made a written
contract for the sale of chattels, the price of which is to be paid
in notes, does not, by sending blank notes to a bank for the pur-
pose of securing the signatures of the purchasers to such notes
in pursuance of such written contract, give the bank real or
apparent authority to accept the notes in escrow, nor under any
new or different conditions than those specified in the contract.

. APPEAL from the district court for Wayne county:
JOHN F. BOYD, JUDGE.   *Reversed.*

*Shull, Farnsworth & Sammis* and *F. A. Berry*, for ap-
pellant.

*C. B. Willey* and *A. R. Davis, contra.*

CALKINS, C.

This is an action to recover on certain promissory notes
made by defendants payable to the order of one Allen,
who indorsed the same to the plaintiff.   On the 31st day of
August, 1903, the defendants Moats and Davidson gave
to Allen an order for a threshing machine and separator,
to be by him shipped to Sholes, a station near Randolph,
Nebraska, at and for the price of $600, to be paid upon the
delivery of the machine in three promissory notes of $200
each, secured by a chattel mortgage on the property sold.
Allen prepared the notes and a chattel mortgage, and sent
them to the State Bank of Randolph to be signed by the
purchasers on the arrival of the machine.   On the 28th

day of September, the machine having reached its destination, the defendants Davidson and Moats, together with the defendants Sellon and Jackson, whom the former had associated with themselves in the transaction, appeared at the said bank and signed the notes in suit. The plaintiff brought action on these notes, alleging that he purchased the same before the maturity thereof for a valuable consideration. The defendants admitted the execution, but denied the delivery of the notes, alleging that the same had been left in escrow with the bank, to be delivered only after the defendants had had an opportunity to give the machine a trial, and that the bank, in violation of such agreement, had wrongfully delivered said notes before the completion of such test, which resulted in a failure of the machine to fulfill the warranty made by the vendor.

1. The evidence relied upon to establish the allegation that the notes were placed in escrow is the testimony that defendants told the cashier of the bank that they would not sign such notes unless he would agree to hold the same until they should have a six days' trial of the machine; that the cashier and one Mills, who is alleged to have been a salesman in the employ of the vendor, agreed to such condition. Neither the cashier of the bank nor Mills is shown to have had any authority to make such an agreement, unless it was implied from the fact that Allen sent the notes to the bank with specific instructions to have them executed and returned to him. It appears that the fact of making such an agreement, if it was a fact, was not communicated to Allen, and that he had no knowledge thereof when he accepted the notes. Where an agent authorized to accept the unconditional delivery of notes received the same upon conditions that he was not authorized to make, the principal does not ratify such conditions by accepting the notes without any knowledge of the fact that they were received by the agent upon condition. *Henry & Coatsworth Co. v. Halter,* 58 Neb. 685; *Bullard & Co. v. De Groff,* 59 Neb. 783; *Fitzgerald v. Kimball Bros. Co.,* 76 Neb. 236.

2. If we go further, and assume that the sending of the notes was authority to do any act or make any agreement consistent with carrying out the contract in pursuance of which the notes were given, we are met by the fact that the contract did not provide that the purchaser should have a six days' or any other field trial before settling for or accepting the machine. What it did provide was that the machinery sold was warranted to be "made of good materials, well constructed, and with proper use and management to do as good work as any other of the same size and rated capacity made for the same purpose, which warranty is subject to the following provisions: If within six days after the date of its first use it shall fail in any respect to fill this warranty, written notice shall be given immediately by the purchaser to R. H. Allen at his office in Sioux City, by registered letter, stating particularly in said letter and notice what parts and wherein it fails to fulfil the warranty, and a reasonable time be allowed said Allen to get skilled workmen to the machinery and remedy the defects, if there be any (if the defect be of such a nature that a remedy cannot be suggested by letter), the purchaser to render all necessary and friendly assistance and co-operation in making the machinery a practical success. If the machinery or any part thereof, or any of the separate attachments, cannot be made to fill the warranty, then the defective machine or part or attachment (as the case may be) shall be returned immediately by the undersigned to the place where it was received, with the option in said Allen either to furnish another machine or part or attachment in place of that so returned, or return the consideration or a proportionate share thereof and rescind the contract in whole or in part, as the case may be, and be released from any liability whatever herein; and, to ascertain the proportionate share of the consideration for any machine, part or attachment when its price is not specified separately, the gross consideration shall be apportioned to the latest list prices printed by R. H. Allen, and shall be refunded out

of the cash and credited on the several notes proportionately. If any metallic piece breaks during the first season by reason of any flaw therein, said Allen will furnish a new piece in its place free on board cars at the factory, upon said broken piece being returned to said Allen promptly, if it appears thereby to the satisfaction of said Allen that the break was caused by the flaw; it being understood that belting is not warranted. If a mechanical expert visits the machine and does not leave it working properly, the purchaser shall give immediate notice in writing or by prepaid telegram to R. H. Allen at Sioux City, Ia., and state in writing specifically any failure or neglect complained of; but, if such expert does put machinery in condition so that any one or all of the purchasers acknowledge that they have operated same satisfactorily, then all further warranty is waived, regardless of the six days provided above." An agent must act within the scope of his real or apparent authority, and a vendor who has made a written contract for the sale of chattels, the price of which is to be paid in notes, does not, by sending blank notes to a bank for the purpose of securing the signatures of the purchasers to said notes in pursuance of such written contract, give the bank real or apparent authority to accept the notes in escrow, nor under any new or different conditions than those specified in the contract.

The eighth paragraph of the instructions to the jury was: "The jury are instructed that, if you find that the notes in suit were left in escrow with the Randolph State Bank as alleged in defendant's answer and defined in instruction herein, and that said notes were delivered to said R. H. Allen without the consent of the defendants before the machine had been started in accordance with the terms of the written contract, then the plaintiff cannot recover in this case, and your finding should be for the defendants." This instruction ignored the question of the authority of the bank and Mr. Mills to make the alleged escrow agreement, and this defect was not rem-

edied in any of. the other instructions given, nor was escrow defined elsewhere therein. It mistakenly assumed that the written contract provided for the starting of the machine before the delivery of the notes, and eliminated from the case the question whether the purchase of the notes by the plaintiff was *bona fide*. The giving of this instruction was highly prejudicial to the plaintiff, and constitutes error for which the case must be reversed.

As the other questions discussed will not necessarily arise upon a future trial, they will not be considered.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.