### 3578.    CARTER v. PEMBROKE NATIONAL BANK.

Agency can not be proved by the mere declarations of a person purporting
to act as agent for another; and one who deals with such a person is
bound to inquire into his authority, or take the risk of ascertaining,
when it is too late, that he was not authorized to bind the alleged
principal. The evidence in this case fails to show, except by declarations
of the alleged agent, that he was authorized to sign the name of the
alleged indorser to the note sued on.

                        DECIDED SEPTEMBER 24, 1912.

Appeal; from Bryan superior court—Judge Sheppard. May 19,
1911.

Pembroke National Bank brought suit in the county court
against M. E. Carter, as maker, and Mattie R. Carter, doing busi-
ness under the name of People's Supply Company, and J. Morgan,
as indorsers, of a promissory note signed by M. E. Carter, payable
to the order of J. Morgan, and indorsed as follows: "People's
Supply Company, not incorporated, by M. E. Carter, Mgr. J.
Morgan." Mattie R. Carter pleaded that the indorsement in the
name of the People's Supply Company was unauthorized, that it
was not within the scope of M. E. Carter's authority as manager,
and that it was a contract of suretyship for a debt of her husband,
the said M. E. Carter. The case was appealed to the superior
court, and the trial in that court resulted in a verdict against the
defendants. Mrs. Carter moved for a new trial, on the grounds
that the verdict was contrary to law, evidence, etc.; and, the motion
being overruled, she excepted.

*J. P. Dukes,* for plaintiff in error.

*E. C. Elmore, P. M. Anderson, Robert E. DeLoach,* contra.

RUSSELL, J. We think the judgment in this case is wrong for
two reasons. In the first place it is apparent, from the testimony
of officials of the bank, that the note sued on was given in lieu of
one for which the bank looked to M. E. Carter for payment; and,
therefore, any assumption of that debt by his wife could be repu-
diated by her at her option. In the next place, the evidence fails
to support the verdict for a more serious reason. There is no
proper evidence that Carter was authorized to indorse the note.
In the evidence it is undisputed that the People's Supply Company
was the name under which Mrs. Carter did business, and that she
is a married woman. Granting that the officials of the bank

knew, at the time that Carter indorsed the note in behalf of the People's Supply Company as its general manager, that Mrs. Carter was the People's Supply Company, still each person present knew that Carter was doing the signing. They knew that the note being executed represented no value or consideration to the People's Supply Company, whoever the company might be, and therefore they were charged with the duty of inquiring into the nature and extent of the authority under which Carter assumed to act. If in fact he had such authority, the note would be good. In the absence of express authority, the effort to have the People's Supply Company assume the debt of the M. E. Carter Company would be entirely abortive. Nothing is better settled than that agency can not be proved by mere declarations of one who purports to be an agent. Suppose that A. B. desires to comply with the wishes of the officers of a bank, by renewing a note which represents his individual indebtedness to the bank. He goes to the bank, which is pressing him for renewal, and whose officers, perhaps, desire additional security, and tells them that he has power of attorney to sign the name of C. D., who is known by the bank to be a thoroughly solvent individual. The officers of the bank, charged with the conduct of the business, accept his statement that he has the authority to sign C. D.'s name, and, in exchange for his old note, accept a new note purporting to be indorsed by C. D., "per A. B." as his agent. Will any one question that in an action brought to recover upon the note, the plaintiff would be required to show, before he could recover against C. D. and subject his property to levy and sale, that A. B. was in fact duly authorized by C. D. to sign his name as an indorser? It is in this respect that we think the present plaintiff's case fails.

The jury, being the exclusive judges of the credibility of the witnesses, had the right to find that the bank did not know who composed the People's Supply Company, and did not know that "People's Supply Company" was merely the trade name used by Mrs. Carter; that the bank did not know that Carter had no authority to indorse the note, and that it acted in perfect good faith. Concede, for the sake of the argument, that the jury had the right to find, from the evidence, that, the M. E. Carter Company being a corporation, the original note (for which the note now involved was given in renewal) was not the debt of Mrs. Carter's

husband, and that for that reason liability upon the note now before us did not involve an assumption of her husband's debt; still the plaintiff failed to make out its case, since it appears, from the uncontradicted evidence, that the only proof of Carter's agency (except an alleged admission of Mrs. Carter, to which we will refer later) rests upon his declaration that he was agent for Mrs. Carter, doing business as the People's Supply Company. He denied even this, but we are bound to assume that he stated that he was authorized to indorse the note; for there was evidence to this effect, and the jury found this to be the truth of the transaction. Mrs. Carter's admission to the witness Morgan that Carter had authority to sign for the People's Supply Company was coupled with the statement that Carter's authority was defined by a power of attorney, and there was no testimony that this instrument conferred upon Carter the right to bind Mrs. Carter for the pre-existing debts of the M. E. Carter Company or his own. The fact that Carter testified that he, as general manager of the People's Supply Company, was accustomed to transact business for his wife and sign notes for the People's Supply Company, promising payment for goods purchased by the People's Supply Company and for its benefit, would not authorize the inference that he was thereby authorized to pledge the credit of the People's Supply Company to secure debts of the M. E. Carter Company, or any debts other than those of the People's Supply Company itself. No reasonable man could infer that the scope of the agency extended so far. The code expressly declares that it is the duty of those who are dealing with agents to inquire into the nature of the agency and the scope of the agent's authority; and when the Pembroke National Bank accepted the note involved in this suit, without inquiring of Mrs. Carter, or without being shown any written order or power of attorney, it assumed the risk of discovering later that there was no such binding authority. Civil Code, § 3595.

<em>Judgment reversed. Pottle, J., not presiding.</em>