## 9368.   OZBURN *v.* MORRIS & COMPANY.

1. A local agent of a mercantile firm engaged in the business of buying and selling goods for profit has no authority to pledge the credit of his principal by buying goods in the name of the principal for the accommodation of a third person.

2. Accordingly, in the instant case, the agreement between the local agent of the plaintiff and the defendant, for the purchase of the car of tomatoes in the name of the plaintiff for the accommodation of the defendant, was not binding on the plaintiff, and the defendant was not entitled to recover on his plea of set-off. The trial judge did not err in directing a verdict for the plaintiff.

DECIDED MAY 15, 1918.

Certiorari; from Fulton superior court—Judge Bell. October 2, 1917.

Morris & Company sued Ozburn, doing business as C. P. Ozburn & Company, on an open account, and he filed a plea of set-off, alleging that he had, with the consent of the local manager of Morris & Company, ordered a car of tomatoes in the name of Morris & Company, and that when the tomatoes arrived Morris & Company refused to turn the car over to him, and, instead of this, paid for them and accepted the shipment. Ozburn claimed that Hogg, former local manager of Morris & Company, had agreed to turn over the tomatoes to him. The district manager of Morris & Company claimed that Hogg stated to him that he had ordered tomatoes, and that as these tomatoes came shipped to Morris & Company, with draft and bill of lading attached drawn on Morris & Company, they belonged to Morris & Company. After the introduction of testimony, the court directed a verdict for Morris & Company, on the open account, which Ozburn in his answer admitted to be correct; the court holding that Ozburn was not entitled to recover on his plea of set-off. Ozburn's certiorari was overruled, and he excepted.

*Moore & Branch, Bachman & Simmons,* for plaintiff in error.

*Lovick G. Fortson,* contra.

HARWELL, J. (After stating the foregoing facts.) It is insisted by Morris & Company that the local manager, Hogg, had no authority to lend the name and credit of the company for accommodation to another. It is insisted that if, when the shipment arrived, Ozburn had declined to accept the tomatoes in the event of a decline in price, Morris & Company would have been bound to accept

and pay for them. The merchandise was ordered in the name of Morris & Company, and if the agreement between Hogg, the local agent of Morris & Company, and Ozburn was binding on Morris & Company, the transaction amounted to the pledging of the credit of the company for the purchases made by and on behalf of another. The question is, did Hogg have authority to bind the company by any such transaction? We think not. He was local manager of a branch house in Atlanta of this mercantile firm. He had such authority as was necessary in the conduct of its business in Atlanta, which was the buying and selling of goods for a profit on behalf of the company. The district manager of the company testified that no instructions were ever given by Morris & Company to permit brokers or third persons to order in the name of Morris & Company and to turn over goods on arrival, as a matter of accommodation. Ozburn testified that he had done that several times before with Hogg, and had extended favors to Hogg; that it had been the custom between Hogg and himself, and that he had never heard any one raise any objection. It did not appear from the evidence, however, that the company had any knowledge of these transactions between Ozburn and Hogg, or that they had ever ratified such acts on the part of Hogg, or had ever given Hogg any such authority. The authority to borrow money or to make or indorse negotiable paper is a power similar to the pledging of one's credit. Mr. Justice Lamar, in *Exchange Bank* v. *Thrower,* 118 *Ga.* 433 (45 S. E. 316), said: "Authority to borrow money is among the most dangerous powers which a principal can confer upon an agent, and must be created by express terms, or be necessarily implied from the very nature of the agency actually created. . . So strict is the rule that it will not be presumed even from an appointment of one as general agent, unless the character of the business or the duties of the agent are of such a nature that he was bound to borrow in order to carry out his instructions and the duties of the office." The power to pledge credit for third persons would be just as extensive and as dangerous. "It is well settled that the mere general power of endorsing promissory notes does not confer upon the agent authority to make an endorsement for the accommodation of third persons." *Myers* v. *Walker,* 104 *Ga.* 317 (30 S. E. 842). See also *Carter* v. *Pembroke National Bank,* 11 *Ga. App.* 479 (75 S. E. 824). It is held that "A busi-

ness corporation can not, in the absence of express power in its charter or governing statute so to do, bind itself by endorsing negotiable paper for the accommodation of third persons or corporations, even for a consideration paid therefor." "Officers of corporations have no such power. The officers of a corporation have no power to execute or to authorize the execution of a note for the accommodation of a third party, for a matter which has no relation to the business of the corporation and in which the corporation has no interest." 10 Cyc. 1115. See also National Park Bank v. German-American Mutual &c. Co., 116 N. Y. 281 (22 N. E. 567, 5 L. R. A. 673, 676.

"The broadest possible authority to make and indorse paper presumptively is to be exercised in the principal's interest only, and does not impliedly extend to making or indorsing paper for the accommodation of third persons." 2 Corpus Juris, 642, § 285; 31 Cyc. 1385; Gulick v. Groover, 33 N. J. L. 463 (97 Am. D. 728, 731). "If the authority of the agent to bind his principal by negotiable instruments, executed in the principal's business and on his account, is thus so doubtful, a fortiori has he no authority to bind his principal by making, accepting or indorsing negotiable paper for the benefit of himself or third persons. Nor can he pledge his principal's credit for the debt of third persons." 1 Mechem on Agency, § 1003, p. 724; Ruppe v. Edwards, 52 Mich. 411 (18 N. W. 193); Bullard v. De Groff, 59 Neb. 783 (82 N. W. 4); Union Pacific Townsite Co. v. Page, 54 Kan. 363 (36 Pac. 992).

The plaintiff in error cites as authority Lauchheimer v. Jacobs, 126 Ga. 261 (55 S. E. 55). It will be seen from an examination of that case that the custom relied upon which the court held might be proved and taken into consideration, either for the purpose of construing the contract of agency as between the parties or for the purpose of determining the extent of the agent's authority, was an established custom or usage in the particular business in question in that case, i. e. the universal custom of traveling salesmen at the end of the season in selling their samples. We have not overlooked the cases of Noble v. Burney, 124 Ga. 964 (53 S. E. 463), and Hopkins v. Armour, 8 Ga. App. 442 (69 S. E. 580), cited by the plaintiff in error, but, upon an examination of those cases, as well as the case of Lauchheimer v. Jacobs, supra, they are easily differentiated from the instant case.

It appearing, from the facts in evidence, that Hogg had no authority to purchase the merchandise for Ozburn in the name of Morris & Company, and thereby pledge its credit for the accommodation of another, it was not error to direct a verdict for the plaintiff.

*Judgment affirmed.    Broyles, P. J., and Bloodworth, J., concur.*